UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ARRON L. DECLUE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CV-095 RM |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Arron L. Declue, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his prison disciplinary hearing which occurred on January 6, 2011, at the Westville Correctional Facility in case WCC-11-01-0006. As a result of being found guilty of the unauthorized possession of altered state property in violation of B-215, he was sanctioned with 20 hours of extra duty, the loss of commissary for 14 days, and $789.48 restitution. He did not lose any earned credit time nor was he demoted in credit class.

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement, Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003).

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* will be uncommon.

Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) (citations omitted). Because this disciplinary proceeding did not result in the lengthening of the duration of Mr. Declue's confinement, that proceeding can't be challenged in a habeas corpus case.

Though Mr. Declue could have attempted to challenge the non-duration lengthening punishments by filing a civil rights complaint, it would be inappropriate to convert his habeas corpus petition into one.

> If, as normally will be the case, conversion is improper, the district court should include a short and plain statement in its order that states: (1) that the court is not making a decision on the ultimate merit of the case; (2) that the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits; and (3) that refiling under the proper label will probably have certain consequences. Had this procedure been in effect for Glaus's case, the court would have informed Glaus that if he chose to pursue a [Civil Right's] claim . . . an adverse decision might count toward the three free civil rights claims the PLRA allows him. *See* 28 U.S.C. § 1915(g).

Glaus v. Anderson, 408 F.3d 382, 390 (7th Cir. 2005). Even though the court will direct the clerk to send Mr. Declue a 42 U.S.C. § 1983 Prisoner Complaint packet so that he may (if he so chooses) immediately file a civil right's claim, Mr. Declue should not infer that by doing so the court has expressed any opinion as to the wisdom of doing so or the merits of such a claim. If Mr. Declue files such a claim, he will have to pay the $350.00 filing fee for such a case either in advance or over time and that if the case is found to be meritless, he may incur a "strike" pursuant to 28 U.S.C. § 1915(g).

Because there is no relief that Mr. Declue can obtain in this habeas corpus proceeding, the petition is **DENIED** pursuant to SECTION 2254 HABEAS CORPUS RULE 4 and

the clerk is **DIRECTED** to send Arron L. Declue a 42 U.S.C. § 1983 Prisoner Complaint packet.

SO ORDERED.

ENTERED: February  22 , 2012

/s/ Robert L. Miller, Jr.
Judge
United State District Court

cc: A. Declue